IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case Nos.   CR-04-78-S-BLW |
| | ) | CV-05-173-S-BLW |
| v. | ) | |
| | ) | **MEMORANDUM DECISION** |
| ARMANDO CISNEROS-CECENA, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the Court is Defendant's Motion to Vacate, Set Aside or

Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255

(Docket No. 1 in CV-05-173-S-BLW) and Defendant's Motion for Decision

(Docket No. 17 in CR-04-78-S-BLW).[1]

### REVIEW OF 28 U.S.C. § 2255 MOTION

### A.    Background and Summary of Claims

Defendant was charged in a one-count indictment with illegal reentry

following deportation in violation of 8 U.S.C. §§ 1326(a) and (b)(2).  Defendant

---

[1]  Unless otherwise noted, all further docket numbers will refer to the underlying criminal case, CR-04-78-S-BLW.

**Memorandum Decision and Order - 1**

pled guilty pursuant to a Plea Agreement (Docket No. 6) and was sentenced to a term of imprisonment of 71 months on August 25, 2004.  Docket No. 15.

A review of the Presentence Report indicates that Defendant's base offense level of 8 was increased by 16 levels based on his prior conviction for a crime of violence and was decreased 3 levels for acceptance of responsibility.  The record also reflects that Defendant received a further 2-level reduction in offense level pursuant to § 5K3.1for stipulating to deportation upon his release from imprisonment.  *See* Docket Nos. 13 and 14.

Defendant did not appeal his sentence or conviction.  He timely filed the pending § 2255 Motion alleging an unconstitutional sentence and ineffective assistance of counsel.  The Court did not order the Government to file a response.

### B.     Standard of Law

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."

**Memorandum Decision and Order - 2**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

## C.     Discussion

Defendant alleges that the Court imposed sentence in violation of the Sixth Amendment by (1) enhancing his sentence based on factors not alleged in the indictment, found by a jury beyond a reasonable doubt, or admitted by him; (2) failing to explore mitigating factors that would have reduced his sentence; and (3) imposing a sentence that was both greater than necessary and unreasonable. Defendant further alleges that he received ineffective assistance of counsel because counsel did not address those issues at sentencing.

Defendant's allegations are simply legal conclusions devoid of any substantiating facts and are dismissible for that reason alone.  Furthermore, it is clear from the wording of the allegations, as well as his stated grounds for not filing the § 2255 Motion earlier, that Defendant is basing his claim entirely on

**Memorandum Decision and Order - 3**

*Blakely v. Washington*, 542 U.S. 296 (2004)*, and *United States v. Booker,* 543 U.S. 220 (2005). § 2255 Motion, ¶ 13.

*Blakely* was decided on June 24, 2004, prior to imposition of Defendant's sentence.  *Blakely* reiterated the prior holding of *Apprendi* that, other than the fact of a prior conviction, any fact that increases a defendant's sentence beyond the statutory maximum must be submitted to a jury and proven beyond a reasonable doubt.  *Blakely*, 542 U.S. at 301-02 (citing *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000)).

Although the Supreme Court did not invalidate the federal sentencing guidelines in *Blakely*, it did so when it subsequently extended the rule of *Blakely*, including the *Apprendi* exception for prior convictions, to those guidelines.  *Booker*, 543 U.S. at 244.  After finding that the mandatory nature of the guidelines violated the Sixth Amendment right to trial by jury, the Court then remedied the constitutional defect by rendering the guidelines advisory.  *Id.* at 245-46.

Defendant's sentence was enhanced solely on the basis of a prior conviction which *Apprendi, Blakely*, and *Booker* specifically exclude from the requirement of submission to a jury and proof beyond a reasonable doubt.  Accordingly, his claim based on the enhancement must fail.

Defendant's other claims that the Court failed to consider mitigating factors and imposed an unreasonable sentence must also fail.  *Booker* held that the sentencing court is to consider the

**Memorandum Decision and Order - 4**

guidelines together with the sentencing factors set forth in 18 U.S.C. 3553(a).  *Id.* at 258-61.

Those factors would include mitigating circumstances. It further held that the appellate court

would review the sentence for unreasonableness.  *Id.*  However, *Booker* was decided on

January 12, 2005, several months after Defendant's conviction became final. The

Ninth Circuit, along with every other circuit to decide the issue, has held that

*Booker* "does not apply retroactively to convictions that became final prior to its

publication."  *United States v. Cruz*, 423 F.3d 1119, 1119-20 (9th Cir. 2005)

(citations omitted).   Defendant's conviction clearly became final before *Booker's*

publication.

Because Defendant's *Blakely/Booker* claims are dismissible, his ineffective

assistance of counsel claims based thereon also must fail.

Based on the above, it plainly appears from the Motion and the record of

prior proceedings that Defendant is not entitled to relief.  Accordingly, his § 2255

Motion shall be summarily dismissed.

## REVIEW OF MOTION FOR DECISION

Defendant alleges in his Motion for Decision that he filed a motion entitled

"Motion to Restore Appeal Right of Defendant's Sentence" on or about March 26,

2005.  He further alleges that perhaps the Court's decision on that motion was lost

in transit when he was transferred to another prison facility.

**Memorandum Decision and Order - 5**

The Court has reviewed the record and cannot locate the described motion. The Court assumes that Defendant is referring to his § 2255 Motion which was mailed by him on April 27, 2005 and received by the Court on May 2, 2005. Because the Court is responding to the § 2255 Motion in this Order, Defendant's Motion for Decision is moot.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Docket No. 1 in CV-05-173-S-BLW) is DENIED.[2]

IT IS FURTHER HEREBY ORDERED that Defendant's Motion for Decision (Docket No. 17 in CR-04-78-S-BLW) is MOOT.

IT IS FURTHER HEREBY ORDERED that Case No. CV-05-173-S-BLW is DISMISSED with prejudice in its entirety.

DATED:  **May 30, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

---

[2] The § 2255 Motion was not docketed in CR-04-78-S-BLW.

**Memorandum Decision and Order - 6**